UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORI SIMS | CIVIL ACTION |
| VERSUS | NO.: |
| FAMILY DOLLAR STORES OF LOUISIANA, INC. d/b/a FAMILY DOLLAR | JURY TRIAL |

*************************************************************************

## NOTICE OF REMOVAL

To:   The Honorable Judges of the United States District Court for the
      Eastern District of Louisiana

**NOW INTO COURT,** through undersigned counsel, comes Defendant **FAMILY DOLLAR STORES OF LOUISIANA, INC., d/b/a FAMILY DOLLAR** who hereby files this Notice of Removal of the above caption civil action pursuant to 28 U.S.C. §1441 and 28 U.S.C. § 1446 and hereby removes this matter to United States District Court for the Eastern District of Louisiana based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and who avers as follows:

I.

Lori Sims is a person of the full age of the majority and a resident of the State of Louisiana who, according to her Petition for Damages, suffered injuries and damages on or about August 29, 2017.[1]

---
[1]  See Petition for Damages attached as Exhibit 1.

II.

On July 23, 2018 Plaintiff Sims filed suit against Defendant Family Dollar in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana alleging injuries and damages as a result of a slip and fall incident that occurred inside a Family Dollar Store in Houma on August 29, 2017.  The civil action is No. 2018-3463 and is entitled *"Lori Sims versus Family Dollar Stores of Louisiana."*[2]

**BASIS FOR REMOVAL**

III.

Defendant Family Dollar was served with the Petition for Damages on August 15, 2018. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, excluding interest and cost pursuant to 28 U.S.C. § 1332.

**COMPLETE DIVERSITY BETWEEN THE PARTIES**

IV.

Removal is proper because there is complete diversity between the parties under 28 U.S.C. § 1332(a):

1. Plaintiff is a citizen of the State of Louisiana;

2. The sole Defendant Family Dollar Stores of Louisiana, Inc. is incorporated in the State of Virginia and has its principal place of business in the State of North Carolina. The term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the

---

[2] Id.

corporation's activities, in other words the corporation's "nerve center"; in practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings; abrogating *Diaz–Rodriguez v. Pep Boys Corp.,* 410 F.3d 56, *Capitol Indemnity Corp. v. Russellville Steel Co.,* 367 F.3d 831, *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, *Amoco Rocmount Co. v. Anschutz Corp.,* 7 F.3d 909, *Gafford v. General Elec. Co.,* 997 F.2d 150, *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, *Continental Coal Corp. v. Roszelle Bros.,* 242 F. 243. 28 U.S.C.A. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010);

3. Defendant is a citizen of the State of North Carolina and/or Virginia.  It is not a citizen of the State of Louisiana; and

4. Plaintiff''s and Defendant's citizenship is diverse.

## AMOUNT IN CONTROVERSY

V.

Removal is also proper because the amount in controversy exceeds $75,000.00 exclusive of interest and cost pursuant to 28 U.S.C. § 1332(a).

VI.

Defendant must establish by a preponderance of the evidence that that amount in controversy exceeds $75,000.00, exclusive of interest and cost; however, Defendant is not required to prove to a legal certainty that the Plaintiff will recover more than the jurisdictional amount.

VII.

Plaintiff, Lori Sims alleges that she is entitled to the following damages as a result of the incident at issue:

1. Past physical pain and suffering;
2. Future physical pain and suffering;
3. Past, present and future mental pain and suffering;
4. Past, present and future medical expenses;
5. Loss of past and future earnings;
6. Loss of future earning capacity;
7. Past and future loss of enjoyment of life;
8. Permanent disability to the body;
9. Loss of consortium.[3]

VIII.

Further, Plaintiff's counsel advised on or about July 29, 2018 that Plaintiff had undergone knee surgery.

---

[3] Id.

IX.

Taking Plaintiff's allegations and contentions of permanent disability along with her declaration that she has undergone knee surgery, case law clearly indicates that such injuries could be well in excess of $75,000.00.

X.

Here Defendant has met its burden of proving that Plaintiff's claim, more likely than not, exceeds $75,000.00, thus Plaintiff can only defeat removal by proving to a legal certainty that her claim will not exceed $75,000.00.

XI.

The above captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

XII.

Copies of all pleadings, process, orders and other filings from the state court are attached to this Notice as required by 28 U.S.C. § 1446(a).  Attached as Exhibit "1".

XIII.

Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where this suit has been pending is located in this district.

XIV.

This action is removable under and by virtue of Acts of Congress of the United States and Defendant desires to remove it to this Court.

XV.

Undersigned counsel avers that contemporaneously with the filing hereof, they have given notice to all adverse parties whose identities are known, and have filed a copy of this Notice of Removal with the clerk of the State Court (Exhibit "2").

Accordingly, Defendant, Family Dollar requests that the above captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana in accordance with the provisions of 28 U.S.C. § 1441, et seq.

Respectfully submitted,

/s/Leola M. Anderson
**DONALD E. McKAY, JR. (#14207)**
Email: dmckay@leakeandersson.com
**RYAN M. CASTEIX (#31656)**
Email: rcasteix@leakeandersson.com
**LEOLA M. ANDERSON (#30377)**
Email:  landerson@leakeandersson.com
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Fax: (504) 585-7775

*Attorneys for Defendant, Family Dollar Stores of Louisiana, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing pleading has been electronically filed this date and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, electronic mail, by hand delivery or by facsimile transmission, this   13th   day of September, 2018, at their last known address of record.

/s/ Leola M. Anderson
LEOLA M. ANDERSON