UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI SIMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-8616** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC.** | **SECTION: "H"** |

# ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 7). For the following reasons, the Motion is **GRANTED**.

# BACKGROUND

This personal injury suit arises out of Plaintiff Lori Sims's slip-and-fall in a Family Dollar store in Houma, Louisiana. An "unmarked liquid substance" allegedly caused Plaintiff's fall on August 29, 2017.[1] She seeks damages for unspecified injuries.

On September 13, 2018, Defendant Family Dollar Stores of Louisiana, Inc. ("Family Dollar") removed Plaintiff's suit to this Court on diversity grounds.[2] Shortly thereafter, Plaintiff filed the instant Motion to Remand

---

[1] Doc. 1-1 at 2.
[2] *See* Doc. 1.

1

arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.[3] Defendant opposes.[4]

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[5] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[6] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[7] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[8] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[9]

## **LAW AND ANALYSIS**

Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[10] Here, the parties agree that complete diversity

---

[3] *See* Doc. 7.
[4] *See* Doc. 9.
[5] 28 U.S.C. § 1441.
[6] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[7] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[8] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[9] 28 U.S.C. § 1447(c).
[10] *See* 28 U.S.C. § 1332(a). *See also* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)).

exists; but they disagree about whether the amount in controversy requirement has been met.

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, so long as the pleading was made in good faith."[11] Here, Plaintiff's petition does not seek a specific sum of damages.[12] Instead, it seeks

> damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past, present, and future mental pain and suffering, past, present, and future medical expenses, loss of past and future earnings, loss of future earning capacity, past and future loss of enjoyment of life, permanent disability to the body, loss of consortium, and penalties and attorneys' fees together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings . . . .[13]

"[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]."[14] Defendant argues that Plaintiff's prayer for present and future pain and suffering and medical expenses "plainly suggest[s]" that Plaintiff seeks more than $75,000 in damages.[15] In support, Defendant cites to another section of this Court's decision in *Tauzier v. Dodge*.[16] In *Tauzier*, the plaintiff had suffered "broken ribs, a punctured lung, a ruptured silicone breast implant, and . . . was

---

[11] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).
[12] Louisiana law typically prohibits plaintiffs from pleading specific amounts of damages. *See id.* (citing LA. CODE CIV. PROC. Art. 893(A)(1)).
[13] Doc. 1-1 at 1.
[14] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993)) (internal quotations omitted).
[15] Doc. 9 at 4.
[16] No. 97-2444, 1998 WL 227170, at *2 (E.D. La. May 5, 1998) (Vance, J.).

rendered unconscious" in a car crash.[17] In rejecting the plaintiff's argument that the amount in controversy did not exceed $75,000, the court noted that "the alleged medical expenses alone exceeded $20,000" and that the plaintiff had untimely filed her motion to remand.[18]

This case is distinguishable from *Tauzier*. Here, Sims does not allege such severe injuries. In fact, her petition alleges no specific injuries whatsoever. Moreover, she timely filed her Motion to Remand. Other cases cited to by Defendant are equally distinguishable and unpersuasive.[19]

Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of "permanent disability" and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal. Even ignoring Plaintiff's post-removal stipulation of an amount in controversy less than $75,000, Defendant has failed to show that the jurisdictional amount in controversy exists. Therefore, this Court lacks subject matter jurisdiction, and it must remand the case to state court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and the case is **REMANDED** to state court.

New Orleans, Louisiana this 8th day of January, 2019.

---

[17] *Tauzier*, 1998 WL 227170, at *2.
[18] *Id.*
[19] *See* Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (holding that it was "facially apparent" that the amount in controversy exceeded $75,000 where a petition sought damages for "injuries to [the plaintiff's] right wrist, left knee and patella, and upper and lower back"); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding of an amount in controversy above $75,000 where a petition "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [the plaintiff's] temporary inability to do housework after the hospitalization").

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**